GARRETT *v*. THE STATE. HOLLIS *v*. THE STATE.

1. When, by reason of failure to hold an annual charter election, the members of the municipal government of an incorporated town, including the marshal, continue to hold their offices and exercise the powers incident thereto during the year succeeding that for which they were elected or appointed, they are officers *de facto*, if not *de jure*, and are under the same protection of law in the exercise of their functions as if there had been no failure to comply with the charter and they had been duly re-elected or reappointed.

2. The marshal of an incorporated town may arrest disorderly persons, and may deputize or call to his assistance any citizen to aid him in so doing Any use of violence by such persons in resistance of the arrest will be unlawful. If such persons act in concert in making resistance, and one of them, with the consent and approbation of the others, attempts to kill the marshal or his assistant by using a weapon likely to produce death, all of the rioters may be guilty as principals of an assault with intent to murder.

3. The evidence was sufficient to uphold " a consent verdict of guilty " in each of these cases, and there was no error in denying a new trial. *Judgment affirmed.*

June 15, 1892. By two Justices.

Criminal law. Assault with intent to murder. Municipal corporations. Officers. Arrest. Before Judge RICHARD H. CLARK. Douglas superior court. July term, 1891.

Indictments were found against Dock Bohannon, James Bohannon, Alex. Garrett and James Hollis, for

assault with intent to murder Caldwell, who was acting as marshal of the town of Lithia Springs, and Bowden, who was assisting him to arrest the defendants. In the indictment as to Caldwell the first count charged all four defendants alike, and the second count charged the Bohannons with being the principal actors and perpetrators, and Garrett and Hollis with being present aiding and abetting. In the indictment as to Bowden the first count charged all four defendants alike, and the second count charged Garrett and Hollis with being the principal actors and perpetrators, and the Bohannons with being present aiding and abetting. The defendants were tried separately. Verdicts of guilty were rendered as to the Bohannons; in each of the other two cases "a consent verdict of guilty" was rendered, the evidence in all the cases being the same. It was shown that all four of the defendants engaged in cursing, threats and other riotous conduct towards one Yarbrough, in the town of Lithia Springs, and when Caldwell attempted to arrest them, with the assistance of Bowden whom he had summoned for the purpose, all four defendants refused to be arrested and violently resisted; one of the Bohannons fired his pistol at Bowden, the other Bohannon stabbed Caldwell in the neck and body; Garrett threw Bowden to the ground and held him while Hollis struck him behind the ear. It did not appear that either Garrett or Hollis had or used a weapon, and it was insisted on their behalf that they could not, therefore, be guilty of assault with intent to murder. Caldwell was the marshal of the town for the year 1890, and was holding over. Instead of holding an election in November, 1890, at Lithia Springs, for mayor, marshal and council for 1891, the mayor and council postponed the election. There was no re-election, and no time specified when the term should expire. L. W. James, a candidate for mayor, was there on the day the election was to have

been held, with his twenty or thirty voters, when Dr. Garrett, the mayor, told him the election had been postponed until after Christmas, and in January he told him they had decided not to have an election until the next November.

The court charged : " There are principles of law, gentlemen, involved in this case that I must charge you upon, arising out of the assumed or real official character in which Mr. Caldwell acted. In the first place, then, if you believe that Mr. Caldwell was once chosen the marshal of the village of Lithia Springs, and that he was not superseded by the election of any one else, under our law he still continued to be the marshal, and had the right to exercise all the functions of marshal. One of the functions of a marshal of an incorporated town is to arrest persons who violate the ordinances of the city, or who violate the laws of the State ; to arrest them in the first instance and immediately without warrant. Now do you believe that Mr. Caldwell was once elected the marshal of the town, and that nobody has ever superseded him, and that upon the night in question he was exercising the functions of that position? If you believe so, then you must concede to him the proper acting in that character. In the next place, gentlemen of the jury, while he was acting in that capacity, do you believe that he made an effort in good faith to arrest certain persons, and that this defendant was among the number who were behaving disorderly within the limits of the town ? If those things you should believe, then whoever he arrested should quietly submit to his arrest, because, if he makes an illegal arrest, the person so illegally arrested has his remedy against him for that illegal arrest, and then it is the duty of the person arrested under such circumstances to submit to such arrest. If they resist the arrest, then the marshal has the right to repel force with force,

that is, if such party uses force, he is entitled to use such force as is necessary to overcome the force that they use; and hence, if you believe that the marshal used force in the exercise of his duty, and that the defendant was the cause of his having to use that force, why then that would not be charged against him as an excuse for any violence that they have committed upon him, or the person who assisted him in the arrest. I should say here that the marshal not only has the powers that I have stated to you, but he has the right to call on any citizen, if the occasion requires it, to aid him, and that citizen or citizens have the same right that he has. He is acting as though he were another marshal. It is necessary then, gentlemen of the jury, that I should charge you upon the law of arrest. If a marshal in a town proceed to make an arrest for disorderly conduct, the person or persons whom he arrests must submit to the arrest, because he is a lawful officer and he has the right to arrest for such offences against the municipality or the ordinance of the municipality. If then, when he makes that arrest, the person he arrests resists him, he has the right then to use such force as is necessary to put down the force that is used in the resistance; and hence, if you believe in this case that Caldwell, as the marshal of the town, proceeded to arrest Dock Bohannon, and this defendant and others for disorderly conduct, they would be, in the law, compelled to yield to that arrest, and if they resisted that arrest by violence, then the officer would be allowed to use what force was necessary to put down the force that was used against him. Therefore you must look to the testimony and see how all this matter came about, and whether this defendant, with Dock Bohannon and others, was forcibly resisting a lawful arrest upon the part of the marshal." This charge was

v 89-29

alleged to be not law, but if so, not applicable to the facts of this case, because Caldwell was not a marshal.

The court refused to charge as requested: "The marshal of a town has no right to abuse a man while arresting him, nor after he has been arrested has he a right to abuse him. And further, a man would have a right to defend himself against an unlawful assault made by an officer on him, the same as he would any other person. I further charge you that if the term of office of the mayor and council of Salt Springs had expired, and there is no provision in their charter to continue them in office until their successors are elected and qualified, and the marshal was elected by this council, then his term would expire with their term, and he could not claim any protection of law as such officer after his term had expired. I further charge you, gentlemen of the jury, that if you believe from the evidence that the mayor and council of Salt Springs postponed the election which the law required should be held on the 2d Wednesday in November, 1890, and would not allow an election to be held on that day as the law provided, and endeavored thereby to continue themselves in office, that such an act would be unconstitutional, illegal, void, and unauthorized usurpation of power, which no person would be bound to respect; they would have no authority in law to exercise the functions of those offices after their term had expired, and the offices would be vacant. An officer under our system of government cannot prolong his term of office by his own act, and an attempt to do so is void from the beginning. And I charge further, that a marshal elected by such a mayor and council could not hold on to his office after their term had expired, and they had made such unlawful attempt to continue themselves in office. He would cease to be an officer when they did, because he derived all his power

from them, and when they ceased to exist as a mayor and council, all the power and authority given him by them would cease also. And I charge you further, if he should attempt to arrest any person after his authority to do so had ceased, he would not be entitled to do so, would not be under the protection of the law any more than any other private citizen, and a person he attempted to arrest would have a right to resist him under similar circumstances. He would have a right to resist any other private citizen, and in this case, if Mr. Caldwell attempted to make an arrest under circumstances as before stated, the defendant would have had the right to resist him to such an extent as was necessary to compel him to desist from his unlawful undertaking, and if he did no more than that, you could not find him guilty."

There were also the general grounds for new trial, that the verdict was contrary to law and evidence. The motion was overruled, and the defendants excepted.

W. A. JAMES, for plaintiffs in error.

JOHN S. CANDLER, solicitor-general, *contra*.